# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**CHARLES HAGGARD**

**VERSUS**

**CHAD DARBONNE, ET AL.**

**CIVIL ACTION**

**NO. 15-395-JWD-SCR**

## RULING & ORDER

Plaintiff filed an "Order to Show Cause For a Preliminary Injunction and Temporary Restraining Order, Upon the Complaint, the Supporting Affidavits of Plaintiff and the Memorandum of Law I Support Herewith." (Doc. 1). Although the title suggests an affidavit is filed with this pleading, none was filed. However, [little blurb about pro se pleadings being construed liberally, the Court will treat the pleading as though it contains an affidavit.] For the reasons which follow, the motion is DENIED.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this show cause order asking for a temporary restraining order and preliminary injunction against Assistant Warden Chad Darbonne, Classification Officer R. Augustine, MS/PA David Ankenbrand, Col. Jimmy Smith, Major Nick Sanders (B-Team), Major Harvey Slader (Admin. Major) and Capt. Lollis (B-Team), complaining that his constitutional rights were violated on May 14, 2015, when Plaintiff was "illegally sentenced [presumably transferred] from a trustee minimum security dormitory to a maximum security cell block arrangement, thus stripping Plaintiff of his trustee B-Class status." (Doc. 1, p. 1). Plaintiff claims that this transfer was the result of "fabricated" disciplinary report against him and a "Bogus Rule 30-W General Prohibited Behavior." (*Id.*). Plaintiff further claims that the defendants "conspired then and now to deprive him of a right to a fair and impartial disciplinary board hearing and right to a full investigation." (*Id.* at 2).

Plaintiff is not entitled to the relief requested. In order to obtain injunctive relief, the plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party he seeks to enjoin and (4) granting the injunction will not disserve the public interest." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id*.

On the record before the Court, it does not appear that the plaintiff is entitled to the relief requested. His allegations are conclusory. Any harm which may come to Plaintiff is likely to not be irreparable, and it can be compensated for monetarily should Plaintiff prevail in an ordinary action. Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

Plaintiff has not shown the exceptional circumstances needed for issuance of a temporary restraining order in this case. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for a Temporary Restraining Order (Order to Show Cause For a Preliminary Injunction and Temporary Restraining Order, Upon the Complaint, the Supporting Affidavits of Plaintiff and the Memorandum of Law I Support Herewith, Doc. 1) is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on June 19, 2015.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**